JOEL THOMAS,                              )
                                         )
                 Plaintiff,              )        No. 16 CV 07612
                                         )
        v.                               )        Judge Edmond E. Chang
                                         )
MATTHEW MILLER,                          )
                                         )
                 Defendant.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Joel Thomas filed this civil-rights lawsuit against a slew of defendants, alleging a variety of claims under 42 U.S.C. § 1983. R. 15, Am. Compl.[1] Except for two claims against one party, the Court dismissed all of the other claims against all of the other parties on screening review, 28 U.S.C. § 1915(e)(2)(B). R. 13, Order (Jan. 23, 2017). The only remaining claims are an allegedly unlawful traffic stop and false arrest against Batavia Police Officer Matthew Miller.[2] *Id.* Those claims arise out of Miller's traffic stop of Thomas on November 15, 2014, and Thomas's subsequent arrest for possession of marijuana. Am. Compl. at 3-5, 14. Miller now moves for summary judgment. R. 30, Def.'s Mot. Summ. J. Miller also filed a motion to strike and for sanctions to prevent Thomas from filing fraudulent liens against Miller. R. 38, Def.'s Mot. to Strike and Sanctions. For the reasons discussed below, the motion for summary judgment is granted in full and the motion to strike and for sanctions is granted in part and denied in part.

---

[1] Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

[2] This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

# I. Standard of Review

In deciding Miller's motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. Analysis

Miller stopped Thomas for an alleged traffic violation and arrested him for possession of marijuana on November 15, 2014. Am. Compl. at 3-5, 14. After Thomas's arrest, the State of Illinois prosecuted Thomas in the Kane County Circuit Court for disregarding a traffic control device, obstructing a peace officer, and unlawful possession of cannabis. *Id.* at 13-15; Def.'s Mot. Summ. J. ¶ 8. A jury found Thomas guilty of all counts. Def.'s Mot. Summ. J., Exhs. A-C. Not surprisingly, Miller argues that the convictions spell the end of Thomas's claims, either under the bar in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), or via issue preclusion.

As an initial matter, the Court rejects Thomas's assertions that he is not subject to the laws of the State of Illinois or the jurisdiction of its courts. *See, e.g.*, R. 34, Pl.'s Resp. to Mot. Summ. J. ¶ 4 ("Plaintiff was presented with a group of pretenders pretending to be a jury of peers rendering all judgments to be ignored as they are not truth and are void and will be ignored with impunity."); *id.* ¶ 12 ("The affiant in this case is independent of all laws except those prescribed by nature."); *id.* ¶ 13 ("Motions cannot be entered into the Kane County Circuit Court as it is a Kangaroo Court any such verdict is void and has no authority."); *id.* ¶ 27 ("Plaintiff enforces claim that any judgment from a criminal judge is void and are nullities and plaintiff is a flesh and blood human free man on the land … ."). Of course, these arguments are meritless. Theories of individual sovereignty, immunity from prosecution, and the like are not uncommon in federal court, and have been repeatedly rejected. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)

(collecting cases). The Seventh Circuit has instructed sovereign citizenship arguments "should be rejected summarily, however they are presented." *Id.* at 767. The State of Illinois, and specifically the Kane County Circuit Court, had jurisdiction over Thomas for his criminal case, *People of Illinois v. Thomas* (No. 14-cf-2051). 720 ILCS 5/1-5(a); 720 ILCS 5/1-6; *see also United States v. Morrison*, 529 U.S. 598, 617 (2000) (states have the general authority to create laws to punish criminal offenses in their territory as part of their policing power). Thomas was arrested for violations of Illinois law within Kane County: he thus was subject to the jurisdiction of the Kane County Circuit Court and was properly prosecuted there.[3]

Moving on to *Heck v. Humphrey*, Miller argues that the Fourth Amendment claims are barred because a judgment in Thomas's favor here would necessarily imply the invalidity of his state convictions. Def.'s Mot. Summ. J. ¶ 6. In *Heck,* the Supreme Court held that a person may not bring a § 1983 claim for damages arising from a conviction or sentence, "or for other harm caused by actions whose

---

[3]Thomas asserts twice in his response to Miller's summary judgment motion that the Kane County judge does not exist and thus could not have entered the orders at issue. Pl.'s Resp. to Mot. Summ. J. ¶¶ 9, 20. Although Judge Barsanti's name was slightly misspelled in the summary judgment motion, Def.'s Mot. Summ. J. ¶ 9 ("Judge Bersanti"), the record establishes that Judge Barsanti does in fact exist and signed the guilty verdicts, several orders, and an arrest warrant in Thomas's criminal case, *id.*, Exhs. A-F, H.

Thomas appears to be correct, however, that the defense's references to a "Judge Bartolini" must be mistaken. Pl.'s Resp. to Mot. Summ. J. ¶ 20 ("Judge Bartolini did not deny any of the plaintiff's motions. Judge Bartolini does not exist … ."); Def.'s Mot. Summ. J. ¶ 20 ("Criminal Court Judge Bartolini denied plaintiff's various motions."). The Court's own research did not uncover a Judge Bartolini serving on the Kane County Circuit Court (or any other Illinois courts), and none of the exhibits to the summary judgment motion reference Judge Bartolini. There is a Judge Boles, who is another Kane County Circuit Court judge; she signed the order denying Thomas's motion to quash his arrest and suppress evidence. Def.'s Mot. Summ. J., Exh. G.

unlawfulness would render a conviction or sentence invalid," unless that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make sure determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. This prevents criminal defendants from using a § 1983 lawsuit as a collateral attack on an otherwise valid criminal conviction—a federal habeas petition is the only vehicle that sort of challenge. *Id.* at 487.

When the § 1983 suit is not an outright challenge to a conviction or sentence, *Heck* requires that courts analyze the relationship between the § 1983 claim and the conviction in order to determine whether the civil claim is barred. *See McCann v. Neilsen*, 466 F.3d 619, 621-22. If the facts at issue in the civil suit are distinct from the issues decided in the criminal case, the *Heck* bar does not apply because a victory on the § 1983 claim would not necessarily imply the invalidity of the conviction. *Helman v. Duhaime,* 742 F.3d 760, 762 (7th Cir. 2014); *see also Evans v. Poskon,* 603 F.3d 362, 364 (7th Cir. 2010). In contrast, where the grounds for the conviction arise from the same facts underlying the plaintiff's constitutional claim, generally the claim will be barred by *Heck*, because typically the plaintiff cannot win without implying that he did not commit the crime. *McCann*, 466 F.3d at 621; *see also Norris v. Baikie*, 2017 WL 395699, at *4 (N.D. Ill. Jan. 30, 2017) (unreasonable seizure and false arrest claims relied on the plaintiff's assertion that he was wrongly convicted of improper lane usage and alcohol-related traffic violations, so *Heck* bar applies).

To prevail on the traffic-stop claim, Thomas must prove that Miller seized him without "a reasonable, articulable suspicion" that a traffic violation had occurred. *See, e.g.*, *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014). The problem for Thomas is that he was convicted of disregarding a traffic control device. Def.'s Mot. Summ. J., Exh. A.[4] Thomas argues that the sign that he allegedly drove through was "snow/frost covered" and therefore was not visible. Pl.'s Resp. to Mot. Summ. J. ¶ 19. He goes on to argue that the evidence at the state trial showed that he committed no offense, and the underlying criminal judgment should be void. *Id.* But the pertinent Illinois traffic law outright requires, in order for there to be a violation, that the sign be visible. *See* 625 ILCS 5/11-305(c) ("No provision of this Act for which official traffic-control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person … ."). So the jury that convicted Thomas necessarily found beyond a reasonable doubt that the traffic device was visible. With that premise in place, Thomas's argument runs right into the very core of the *Heck* bar: absent a reversal or some other vacatur of the traffic conviction, a victory on the seizure claim here would necessarily mean that the conviction was wrong. *See, e.g.*, *Szach v. Vill. of Lindenhurst*, 2015 WL 3964237, at *7 (N.D. Ill. June 25, 2015) (*Heck* bars claim premised on officers' alleged lack of probable cause for traffic offenses of which he was convicted in state court); *Stoner v. Vill. of Downers Grove*, 2014 WL 3734165, at

---

[4]The state court filings in the record do not specify the traffic ordinance that Thomas was convicted of violating, but he himself cited to 625 ILCS 5/11-305. *See* Am. Compl. at 14 (citing 625 ILCS 5/11-305(c)).

*3 (N.D. Ill. July 29, 2014) ("To declare [plaintiff] falsely arrested, a jury would be required to pick between the criminal trial judge's guilty determination and [plaintiff's] claim that there was no probable cause to believe he failed to reduce speed to avoid an accident and was operating a motor vehicle without insurance. … [Plaintiff's] conviction on the [ ] driving charges precludes his § 1983 false arrest claim under *Heck*.").

As noted earlier, it is true that a criminal conviction does not always pose a *Heck* bar against a related § 1983 claim. For example, a conviction often does not bar an excessive force claim, even if the claim arises from the arrest that led to the conviction, because the force used during the arrest might very well have no bearing on the elements of the crime necessarily established by the conviction. *See, e.g.*, *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006). But here Thomas does not explain how the traffic-stop claim in this case is consistent with the traffic conviction, given the stark contrast between his version (that is, the sign was covered by snow or frost) and the jury's finding that the sign was visible. Nor does Thomas provide excerpts from the trial transcript (the defense provided a copy to Thomas, Def.'s Mot. Summ. J. ¶ 25) on which to premise an argument on his behalf. To be sure, the defense could have made a more complete record in this case by attaching the trial transcript as an exhibit to the summary judgment motion. But Thomas too has a responsibility to craft and support his own arguments, and to explain how the covered-sign allegation can possibly be consistent with the traffic

conviction. He has not done that, so the Court holds that the traffic-stop claim is barred by *Heck*.

That leaves the false arrest claim on the marijuana charge. To the extent that Thomas contends, in this § 1983 suit, that he did not possess marijuana, that version of the claim would not survive *Heck* because the jury convicted him on the charge. But Thomas seems to be arguing something else. In the amended complaint, Thomas does not so much disavow possessing the marijuana as much as argue that Miller did not really smell the odor of marijuana when conducting the traffic stop. Am. Compl. at 2 ("denies that … defendant smelled any burnt end cannabis or raw cannabis coming from the inside out of the" car). According to Miller, it was the odor of marijuana that gave Miller probable cause to investigate further and find marijuana in the car. *See* Am. Compl. at 14. Under Thomas's version of events, there was no odor of marijuana in the car—and thus no probable cause to believe that Thomas possessed marijuana (and no basis to search for the marijuana that was eventually found). That version of events does *not* run afoul of the bar in *Heck*, because it does not *necessarily* imply that the conviction is invalid: all that the jury had to find was that Thomas possessed the marijuana, not that Miller had probable cause to arrest him in the first place.

But the false arrest claim runs into a different problem: it is barred by issue preclusion, because the state judge already decided that Miller *did* smell the odor of marijuana and thus had probable cause to make the arrest. Specifically, before the jury trial, Thomas filed a motion to suppress the marijuana arrest and the

marijuana itself. Am. Compl. at 13, 14. As the premise of the suppression motion, Thomas argued that Miller could not have smelled the odor of marijuana. *Id.* at 14. But the state judge rejected that contention and found that "everyone" knows what cannabis smells like. Am. Compl. at 13. The state judge entered an order denying the motion to suppress. Am. Compl. at 8; Def.'s Mot. Summ. J., Exh. G (order denying motion).[5]

The state-court finding against Thomas gives rise to issue preclusion on whether Miller smelled the odor of marijuana and, in turn, had probable cause to make the arrest on the marijuana charge. When deciding whether a factual or legal issue is barred by the doctrine of issue preclusion, a district court must apply the forum state's rules. *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010). Under Illinois law, an issue litigated in a prior proceeding may not be relitigated "if (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Dunlap v. Nestle USA, Inc.*, 431 F.3d 1015, 1018 (7th Cir. 2005) (citing *Herzog v. Lexington Township,* 657 N.E.2d 926, 929-30 (Ill. 1995)). Other considerations the court must consider are whether the plaintiff was denied a full and fair opportunity to litigate the issue in the prior case

---

[5]Unfortunately, like the trial transcripts, neither party supplied the Court with the transcript of the suppression-motion hearing (the defense gave a copy to Thomas, Def.'s Mot. Summ. J., ¶ 25). As described above, however, Thomas's own descriptions of his argument, the hearing, and the judge's decision all establish that he sought to quash the arrest and evidence based on the factual contention that Miller did not smell the odor of marijuana.

and whether applying issue preclusion would be unjust. *Brown*, 599 F.3d at 775-77. In Illinois, issue preclusion can apply to issues decided in suppression hearings, *Smith v. Boudreau*, 852 N.E.2d 433, 445-46 (Ill. App. Ct. 2006) (in § 1983 lawsuit filed in state court, applying issue preclusion to denial of suppression motion during state prosecution), and nothing about § 1983 prevents the application of issue preclusion to suppression motions, *Allen v. McCurry*, 449 U.S. 90, 104 (1980).

All of the elements of issue preclusion are met. First, as described above, the motion to suppress challenged whether Miller smelled the odor of marijuana, which in turn gave him probable cause for the arrest. That is the same issue that Thomas wants to relitigate in this case. Second, there was a final decision on this issue in the state court. Def.'s Mot. Summ. J., Exh. G (order denying the suppression motion); *see Wallace v. City of Chicago*, 472 F.Supp.2d 942, 949 (N.D. Ill. 2004) ("a 'final judgment' is not the ultimate criminal conviction, rather it is the denial of plaintiff's motion to suppress"), *aff'd on other grounds,* 440 F.3d 421 (7th Cir. 2006)).[6] Third, no question exists on the element of privity, because obviously Thomas was the party who challenged the stop and arrest in state court. Finally, Thomas had a full and fair opportunity to litigate the issue in state court: the court held a hearing on the motion, during which both Thomas and Miller testified. Am. Compl. at 8; Pl.'s Resp. to Mot. Summ. J. ¶ 11. Thomas raises no genuine issues about his ability to fairly or fully litigate the issue in state court (to repeat, the defense here gave him a copy of the suppression transcript, Def.'s Mot. Summ. J.

---

[6]Issue preclusion would not have applied if, after the suppression motion's denial, the state dismissed the charges or Thomas was acquitted—in that scenario, Thomas would not have had a chance to appeal the suppression decision.

¶ 25). So issue preclusion applies: Miller smelled the odor of marijuana and thus had probable cause to arrest Thomas for possession of marijuana. That is fatal to the false arrest claim. Summary judgment must be entered against Thomas.

## IV. Motion to Strike and for Sanctions

Moving on from the summary judgment motion, there is one more defense motion to decide. Thomas mailed, to Miller's counsel, something captioned, "Notice of Fault and Opportunity to Cure." Miller filed a motion to "strike" the document and to direct Thomas not to file frivolous or false claims against Miller, the City of Batavia, or other City employees. Def.'s Mot. to Strike. The motion also sought monetary sanctions. *Id.* In evaluating the motion, the Court noted that Federal Rule of Civil Procedure 11(b) did not apply, because Thomas had not filed the document with the Court, and 28 U.S.C. § 1927 applies only to attorneys, not to *pro se* litigants. R. 41, Minute Entry (Oct. 31, 2017). So the Court interpreted the motion as invoking the federal courts' inherent authority to prevent harassing conduct by one litigant against another. *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). With that interpretation of the motion in place, the Court ordered Thomas to respond. *Id.*

Ironically, Thomas then filed the documents at issue (or something like them) on the docket. R. 42, 43 (both entitled, "Affidavit of Obligation"). As a formal matter, Rule 11(b) still does not apply because Miller's motion to strike was filed even before the offending document was filed. That said, as the Court previously noted, R. 41, the Court has inherent power to manage its own proceedings and to punish

conduct that abuses the judicial process. *Chambers*, 501 U.S. at 43, 45. Here, the so-called "Affidavit of Obligation" filings clearly serve no purpose other than to purport to assert fake liens against Miller and the City of Batavia. So the Court grants Miller's motion to strike, and will effectuate the striking by ordering the Clerk to place the filings under seal.[7] This time around, however, the Court will not impose attorney's fees or some other monetary sanction. The motion to strike was only three pages and probably did not require much effort. But Thomas is warned that any future filing comprised of harassing documents will trigger a fees and sanction award against him.

## V. Conclusion

For the reasons discussed, Miller's motion for summary judgment is granted. The motion to strike and for sanctions is granted in part and denied in part. To effectuate the motion to strike, the Clerk is directed to seal R. 42 and R. 43. The status hearing of March 7, 2018 is vacated.


ENTERED:


s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 5, 2018

---

[7]Placing the documents under seal rather than striking them from the record completely allows the record to remain intact, but prevents any non-party to the litigation from relying on the documents in any way.